**The order below is signed with the word "medial" changed to "medical".  Dated: March 16, 2009.**



S. Martin Teel, Jr.
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BEULAH M. RIVERS, | ) | Case No. 09-0172 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER GRANTING
<u>APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE</u>

The debtor has filed an application for waiver of the chapter 7 filing fee (Docket Entry ("DE") No. 7).  For reasons explained in more detail below, the court will grant the debtor's application.

Pursuant to 28 U.S.C. § 1930 as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub. L. 109-8 (effective October 17, 2005), this court

> may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1).

The debtor's application reflects that she is from a

household of one and that she has a combined monthly income of $694.00 or $8,328.00 per annum.  This figure is less than 150% of the applicable poverty guideline figure maintained by the Department of Health and Human Services for a one-person household living in the District of Columbia.[1]  Thus, the debtor has satisfied the first requirement for waiver under 28 U.S.C. § 1930.

To qualify for waiver of the filing fee, the debtor must also demonstrate that she is unable to pay the fee in installments.  According to the debtor's schedule J, the debtor has monthly expenses of $629.00.  This theoretically leaves the debtor with $65.00 in monthly disposable income from which to pay the filing fee in installments.  A review of the debtor's schedule J, however, suggests that the debtor has understated her expenses.  For example, she has allowed only $100.00 for food, and has made no allowance whatsoever for medial, transportation, or recreation expenses.  Under the circumstances, the court deems

---

[1] Section 1930(f) specifies that the "official poverty line" figures used for purposes of the chapter 7 fee waiver refer to those "defined by the Office of Management and Budget ["OMB"], and revised annually in accordance with [§] 673(2) of the Omnibus Reconciliation Act of 1981 . . . ."  The Judicial Conference of the United States interprets this language to refer to the poverty guidelines maintained annually by the U.S. Department of Health and Human Services ("HHS") because the OMB has never issued poverty guidelines or thresholds.  Under the 2009 HHS guidelines, the poverty line for a one-person family living in the District of Columbia is $10,830.00, per year, making 150% of the applicable poverty line $16,245.00.  The debtor's stated income does not exceed this threshold.

it inappropriate to treat the $65.00 as available for payment of the filing fee in installments. It is thus

ORDERED that the debtor's application for waiver of the chapter 7 filing fee (DE No. 7) is GRANTED.

                                        [Signed and dated above.]
Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.